\*\*E-Filed 5/14/07\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRADLEY S. COLLINS,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, et al.,<br><br>    Defendants. | Case Number C 07-1214 JF (RS)<br><br>ORDER GRANTING MOTION TO REMAND<br><br>[Doc. No. 12] |

Plaintiff moves to remand the instant action to the Santa Cruz Superior Court. The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on May 4, 2007. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

Plaintiff Bradley Collins ("Collins") filed this action in the Santa Cruz Superior Court following the denial of disability insurance benefits by his insurer, Liberty Life Assurance Company of Boston ("Liberty"). Collins alleges that Liberty arranged for an Independent Medical Examination ("IME") to be conducted by L. Needa Madireddi, M.D. ("Madireddi"); that Madireddi conducted a "cursory and bogus examination"; that Madireddi's subsequent report falsely claimed that Madireddi spent a "full 60 minutes in face to face time" with Collins when

she in fact spent only twenty minutes with him; and that Madireddi's report falsely stated that Collins possesses greater physical abilities than he actually possesses. Complt. ¶¶ 10-12. Collins alleges that Madireddi "deliberately sought and predetermined to render a report that would support a termination of Plaintiff's disability benefits." *Id*. at ¶ 31. He further alleges that Madireddi "rendered a false and bogus report following her conclusory and sham examination of Plaintiff," *id.* at ¶ 32, and that Liberty "in fact terminated Plaintiff's benefits in reliance upon her report," *id.* at ¶ 33. Collins alleges claims against Liberty for breach of insurance contract, breach of the implied covenant of good faith and fair dealing, fraud and intentional infliction of emotional distress, and alleges claims against Madireddi for intentional interference with contract and intentional infliction of emotional distress.

Liberty removed the action to this Court on the basis of diversity of citizenship, notwithstanding the fact that Madireddi is a California resident. Liberty asserts that Madireddi is a "sham" defendant whose residency does not defeat diversity jurisdiction. Collins moves for remand on the ground that Madireddi is not a sham defendant.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge* at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

## III. DISCUSSION

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Liberty argues that it is

2

Case No. C 07-1214 JF (RS)
ORDER GRANTING MOTION TO REMAND
(JFLC2)

clear under California law that Collins cannot prevail on his claims against Madireddi for intentional interference with contract or intentional infliction of emotional distress. Collins argues that these claims are viable, and additionally argues that he intended to name Madireddi as a defendant to the fraud claim as well, but failed to do so because of a clerical error. Collins requests leave to amend the complaint if necessary to make clear that Madireddi is a defendant to the fraud claim.

The propriety of removal must be considered based upon the complaint at the time of the removal; it is inappropriate to consider proposed amendments to the complaint when attempting to determine if a particular defendant is a sham defendant for purposes of diversity jurisdiction. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989). Accordingly, the Court must assess whether it is clear that Collins has failed to state a viable claim against Madireddi based upon the facts alleged in the original complaint, without reference to Collins' proposed amendments.

Liberty argues that Collins cannot prevail upon any claim against Madireddi based upon the facts alleged, because Madireddi's conduct is absolutely protected by the litigation privilege established by California Civil Procedure Code § 47(b), and the manager's privilege established by California common law. As an initial matter, it is not clear that this Court appropriately may consider the potential application of § 47(b) or the manager's privilege in determining whether Madireddi is a sham defendant. The Ninth Circuit has suggested that ordinarily a court assessing a sham defendant charge must determine whether the plaintiff "truly had a cause of action against the alleged sham defendants," and *not* "whether those defendants could propound defenses to an otherwise valid cause of action." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). In *Ritchey*, the court nonetheless held that the district court properly could consider the statute of limitations when assessing whether a valid claim had been made out against the alleged sham defendants, because the statute of limitations defense "is a kind of procedural bar and not one which relates to the merits of the case," and because California courts commonly consider a limitations bar grounds for sustaining a demurrer. *Id.* at 1319-20. Application of the litigation privilege and the manager's privilege do not raise the kind of "procedural bar" discussed in

Case No. C 07-1214 JF (RS)
ORDER GRANTING MOTION TO REMAND
(JFLC2)

1 | *Ritchey*.

2 | Even assuming that the Court may consider these privileges, however, it is not clear that the privileges apply on the facts of this case. In order for § 47(b) to apply, the privileged statement must be "(1) made in a judicial or quasi-judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). In this case, Dr. Madireddi was hired to conduct an IME regarding a disability claim by Collins, a private party, with respect to insurance issued by Liberty, another private party. Collins and Liberty were not involved in litigation at the time Collins made his claim for benefits or underwent the IME. Liberty relies on *Harris v. King*, 60 Cal. App.4th 1185, 1187 (1998), for the proposition that § 47(b) applies on these facts. However, in that case the medical report in question was prepared in connection with the plaintiff's *workers' compensation claim* and was submitted to the State Compensation Insurance Fund. The court specifically characterized the workers' compensation proceeding as a quasi-judicial proceeding in applying § 47(b).

Liberty appears to be arguing for an extension of the law to render a dispute between a private person and a private insurance company a "quasi-judicial" or "other official" proceeding within the meaning of § 47(b) on the grounds that insurer's "truth seeking proceedings" are expressly authorized by state insurance codes and regulations. Liberty relies heavily upon an unreported district court case, *Walton v. Mead*, 2004 WL 2415037 (N.D. Cal. Oct. 28, 2004), in arguing for such an extension of the law. However, *Walton* also arose in the context of a worker's compensation claim. In finding § 47(b) applicable, the district court quoted *Harris* for the proposition that "[w]orkers' compensation proceedings are 'quasi-judicial proceedings.'" *Walton*, 2004 WL 2415037, at *6. This Court does not find persuasive Liberty's argument that the rulings of *Harris* and *Walton* should be extended to claims asserted by private individuals against their private insurers.

In arguing application of the common law manager's privilege, Liberty relies primarily upon *DeHorney v. Bank Of America Nat. Trust and Sav. Ass'n*, 879 F.2d 459 (9th Cir. 1989) and *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321 (9th Cir. 1982). *DeHorney* does not actually

4

use the phrase "manager's privilege." In the relevant portion of the decision, the court addressed the question of whether a bank's assistant auditor could be held liable for interference with contract based upon her recommendation that another bank employee be terminated for theft. The court held that "[o]ne who is in a confidential relationship with a party to a contract is privileged to induce the breach of that contract." *DeHorney*, 879 F.2d at 464 (internal quotation marks and citation omitted). The court held further that "[w]here an employee acts within the scope of his employment, it does not matter whether his conduct in inducing the breach of contract was motivated by ill-will or malice on his part." *Id*. Reasoning that the assistant auditor was acting within the scope of her employment at all times, and thus had the requisite confidential relationship with the bank, the court held that the assistant auditor could not be held liable for interfering with the employment agreement between the bank and the terminated employee. *Id*. at 464-65.

*Davis* involved an action for interference with contract brought against Davis, who acted as counsel for two corporations that allegedly breached an agreement to purchase the assets of a third corporation. Davis also was an officer and director of one of the purchaser corporations. In discussing the potential application of the manager's privilege, the court stated as follows:

> The manager's privilege has most frequently arisen in the context of employer-employee relations. Thus, a manager is said to be privileged to induce the breach of an employment contract between his employer and another employee. The privilege also extends to non-employees who serve as business advisors or agents and is applicable to advice relating to contracts generally, not just employment agreements. A business advisor may counsel his principal to breach a contract that he reasonably believes to be harmful to his principal's best interests.

*Davis*, 687 F.2d at 326. The court held that when an advisor is motivated at least in part by a desire to benefit his principal, his conduct in inducing a breach of contract is privileged. *Id*. at 328. Accordingly, despite allegations that Davis acted with improper intent, the court held that the allegedly interfering conduct was privileged.

The facts of the instant case are markedly different from those of *DeHorney* and *Davis*. While the nature of the relationship between Liberty and Madireddi is not entirely evident, it appears that Madireddi is an independent contractor who is engaged by Liberty from time to time

5

to perform a neutral medical assessment of a claimant. She does not appear to be an employee, advisor or agent in the sense discussed by the cited cases. Accordingly, there is at least some doubt as to whether the manager's privilege applies to her alleged conduct. Under these circumstances, the Court declines to conclude as a matter of law that Madireddi is a sham defendant based upon the manager's privilege.

In addition to advancing the defense of privilege as a basis for a sham defendant determination, Liberty argues that the facts alleged cannot support a claim for interference with contract or intentional infliction of emotional distress. The Court disagrees. The elements a plaintiff must plead to state the cause of action for intentional interference with contractual relations are: (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of this contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). Collins alleges the existence of an insurance contract between himself and Liberty, and Madireddi's knowledge of that contract. Complt. ¶ 29. Collins alleges further that Madireddi "deliberately sought and predetermined to render a report that would support a termination of Plaintiff's disability benefits," *id.* at ¶ 31, and that his benefits in fact were terminated, *id.* at ¶ 33. These allegations are sufficient to at least plead a claim for interference with contract.

Because Collins has not "obviously" failed to plead a viable claim against Madireddi under California law, Madireddi cannot be characterized as a sham defendant. Accordingly, the Court will grant Collins' motion for remand.

**IV. ORDER**

Plaintiff's motion for remand is GRANTED. The action is hereby remanded to the Santa Cruz Superior Court on the basis of lack of complete diversity of citizenship. The Clerk of the Court shall close the file.

DATED: May 14, 2007

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2

3  Pamela E. Cogan     pcogan@ropers.com, rlove@ropers.com; mmcpherson@ropers.com

4  Terrence J. Coleman     tcoleman@pillsburylevinson.com, rdelaney@pillsburylevinson.com; jbehr@pillsburylevinson.com; rdelarosa@pillsburylevinson.com;

5  rfeliciano@pillsburylevinson.com; jdavid@pillsburylevinson.com

6  Robert Mario Forni , Jr     rforni@ropers.com, pwoolery@ropers.com; mmcpherson@ropers.com

7  Arnold Ross Levinson     alevinson@pillsburylevinson.com, dlilienstein@pillsburylevinson.com; rdelaney@pillsburylevinson.com; jbehr@pillsburylevinson.com;

8  rdelarosa@pillsburylevinson.com; rfeliciano@pillsburylevinson.com; smack@pillsburylevinson.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-1214 JF (RS)
ORDER GRANTING MOTION TO REMAND
(JFLC2)